UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SANDY BERNSTEIN,

                      Plaintiff,

                - against -

MOUNT ARARAT CEMETERY, INC.,

                      Defendant.
-----------------------------------------------------------x

Docket No.: CV 11-0068
(DRH)(WDW)

**DECLARATION IN SUPPORT OF DEFENDANT MOUNT ARARAT CEMETERY, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c); OR ALTERNATIVELY FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56**

### DECLARATION OF TINA YANOVER IN SUPPORT OF MOUNT ARARAT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY FOR SUMMARY JUDGMENT

**TINA YANOVER**, an attorney admitted to practice law before the courts of the State of New York and in the Eastern District of New York, declares the following under penalty of perjury:

    1.    I am an associate of the law firm of HAMMILL, O'BRIEN, CROUTIER, DEMPSEY, PENDER & KOEHLER, P.C., attorneys for defendant, **MOUNT ARARAT CEMETERY, INC. (hereinafter referred to as "MT. ARARAT")** in the above-captioned action.

    2.    I am fully familiar with all the facts and circumstances surrounding the matter and submit this declaration based upon my review and knowledge of the file maintained by this office.

    3.    Annexed hereto as **Exhibit "A"** is plaintiff's Complaint dated January 6, 2011.

    4.    Annexed hereto as **Exhibit "B"** is defendant, Mt. Ararat's Verified Answer to the Complaint, dated January 24, 2011.

5. Annexed hereto as **Exhibit "C"** is a copy of the Contract (Contract No.'s 19532, 19532-A) between Mt. Ararat and plaintiff, Sandra Bernstein dated October 13, 1978.

6. Annexed hereto as **Exhibit "D"** are defendant, Mt. Ararat's Interrogatory Responses to Plaintiff's Demands.

7. A Court Order was duly entered on May 3, 2011 by the Honorable United States Magistrate Judge William D. Wall which granted the plaintiff's motion for a protective order; pursuant to the Court Order the deposition of the plaintiff was conducted by video conference in Florida, a copy of the Court Order is annexed hereto as **Exhibit "E"**.

8. Plaintiff's videotape deposition was conducted on June 3, 2011, a copy of the transcript is annexed hereto as **Exhibit "F"**.[1]

9. Defendant's deposition was conducted on June 17, 2011; Addie Cote was deposed on behalf of defendant Mt. Ararat, a copy of the transcript is annexed hereto as **Exhibit "G"**.

10. A "Scheduling Order" was entered on or about March 4, 2011, by the Magistrate William D. Wall, a copy of which is annexed hereto as **Exhibit "H"**.

11. Pursuant to the "Scheduling Order" defendant was required to request permission to move for a dispositive motion on or before July 15, 2011. Consequently, on or about July 6, 2011, a pre-motion letter was sent via Electronic Case Filing ("ECF") to the court, a copy of which is annexed hereto as **Exhibit "I"** requesting such permission.

12. On or about July 12, 2011, plaintiff responded with a response letter which requested that such permission be denied or alternatively that plaintiff be allowed to cross-move, a copy of said letter is annexed hereto as **Exhibit "J"**.

---

[1] It is respectfully submitted that Exh. "F", a copy of plaintiff's transcript, is attached unsigned however as part of Exh. "F" included please find correspondence dated June 24, 2011 and July 28, 2011 requesting plaintiff to sign the transcript of her EBT. Therefore pursuant to the Laws in New York 60 days has now elapsed and the transcript is deemed signed.

2

13. A court conference was held on July 22, 2011 in reference to the above via telephone whereby plaintiff and defendant were granted permission to proceed with their motions respectively.

14. This motion is timely and is made with permission of the court.

15. The instant Motion seeks a Court Order for judgment on the pleadings under Federal Rule of Civil Procedure 12(c); or alternatively for a Court Order for summary judgment dismissing plaintiff's complaint pursuant to Federal Rules of Civil Procedure 56, on the ground that no genuine issues of fact exist as to liability of this defendant and that this court may decide this matter summarily as a matter of law as to this defendant.

16. This is an action sounding in negligence and breach of contract as per plaintiff's complaint (attached hereto as Exhibit "A").

17. Pursuant to the accompanying Memorandum of Law, it will be argued that the record is devoid of evidence that plaintiff, Sandra Bernstein, has standing to maintain the first and second causes of action sounding in negligence. It will also be argued that the record is devoid of evidence to support a *prima facie* case of negligence; nor does the record support a cause of action for the negligent infliction of emotional distress. Lastly, it will be argued that the record is devoid of evidence to support a breach of contract claim against defendant.

**WHEREFORE,** the moving defendant, Mt. Ararat, respectfully requests that the plaintiff's claims be dismissed in its entirety and for such other and further relief as this court may deem just and proper.

Dated: Syosset, New York
       September 9, 2011

                                                     */s/ Tina Yanover*
                                                   TINA YANOVER (9416)