```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
SANDY BERNSTEIN,

                Plaintiff,                           MEMORANDUM AND ORDER
         -against-                                   11 CV 68 (DRH) (WDW)


MOUNT ARARAT CEMETERY INC.,

                Defendant.
----------------------------------------------------X
```

**APPEARANCES:**

**ERIC E. ROTHSTEIN, ESQ.**
Attorney for Plaintiff
11 Park Place, Suite 1801
New York, New York 10007

**HAMMIL, O'BRIEN, CROUTIER,
DEMPSEY, PENDER & KOEHLER, P.C.**
Attorneys for Defendant
6851 Jericho Turnpike, Suite 250
P.O. Box 1306
Syosset, New York 11791
By:    Tina Yanover, Esq.

**HURLEY, Senior District Judge:**

Sandy Bernstein ("plaintiff" or "Bernstein") brings this diversity action alleging negligence and breach of contract claims against Mount Ararat Cemetery Inc. ("defendant" or "Mount Ararat"), the cemetery where she is to be buried, and where certain family members have already been buried.[1]  The claims arise from defendant purportedly burying two members of

---

[1] As the Court previously explained, "[p]laintiff's two causes of action for negligence articulate three separate grievances against defendant, which can be identified as follows: "(1) that Florence Geller was buried in plaintiff's grave, (2) that Florence Geller was buried in the wrong grave, and (3) that Abraham Geller was buried in the wrong grave." *Bernstein v. Mount Ararat Cemetery Inc.*, 2012 WL 3887228, at *5 (E.D.N.Y. Sept. 7, 2012).

plaintiff's family in the wrong graves. On October 25, 2011, the parties cross moved for summary judgment as to all asserted claims. Plaintiff sought partial summary judgment on the issue of liability as to all claims while defendant sought dismissal of the Complaint in its entirety. By Memorandum and Order dated September 7, 2012 ("September 2012 Order") the Court: (1) granted plaintiff summary judgment on her direct breach of contract claim; (2) granted defendant summary judgment on plaintiff's third-party contract claim; (3) denied without prejudice to renew plaintiff's negligence claim based upon the improper burial of Florence Geller's remains; and (4) granted defendant summary judgment on all other negligence claims, namely the placement of Florence Geller's body in plaintiff's grave and the improper burial of Abraham Geller. *See Bernstein*, 2012 WL 3887228, at *5, 10. Presently before the Court is plaintiff's motion for reconsideration as to the portion of the September 2012 Order which denied her summary judgment on the negligence claim based upon the improper burial of Florence Geller's remains. For the reasons set forth herein, plaintiff's motion is DENIED.

## BACKGROUND

Familiarity with the facts of this case as detailed in the September 2012 Order is assumed, but a brief summary of the facts relevant to the instant motion follows.[2] On October 13, 1978, Mount Ararat deeded Grave Section 60, C-9 graves 1-4 to Abraham and Florence Geller and Section 60, C-10 graves 1-2 to plaintiff and her husband, Harold Bernstein. Florence Geller, plaintiff's sister, passed away on August 27, 2009, and was buried at Mount Ararat on August 30, 2009. Although Florence Geller's children, Edward and Clifford Geller, executed an

---

[2] The material facts are drawn from the parties' Local Civil Rule 56.1 Statements, which were filed in conjunction with their cross-motions for summary judgment.

2

authorization allowing defendant to bury her remains in C-9 grave 1, Florence Geller's remains were instead buried in plaintiff's burial plot located at C-10 grave 1. The wrongful burial of Florence Geller was discovered one year later, at the grave's unveiling.

## DISCUSSION

### I. Legal Standard

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find that it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result.") (internal quotation marks and citation omitted). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478, at 790). Thus, a "'party may not advance new facts, issues, or arguments not previously presented to the Court.'" *Nat'l Union Fire Ins. Co. of Pittsburgh PA v. Stroh Cos., Inc.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)).

### II.     *Plaintiff's Motion for Reconsideration*

In support of her motion for reconsideration, Bernstein contends that in the September 2012 Order, "the Court determined that defendant violated plaintiff's right to sepulcher regarding the burial of her sister, Florence Geller, but denied plaintiff summary judgment solely because her nephews are not plaintiffs in this action." (Pl.'s Mem. at 1.) Based on this interpretation of the September 2012 Order, plaintiff argues that any cause of action plaintiff's nephews (*i.e.*, Florence Geller's sons) could have brought is now time-barred by the applicable three-year statute of limitations.

At the outset, plaintiff is inaccurate when she claims that the Court determined that Mount Ararat violated plaintiff's right to sepulcher regarding the burial of her sister but denied her summary judgment solely because Florence Geller's sons were not plaintiffs. It is noteworthy that the September 2012 Order addressed summary judgment motions made by plaintiff and defendant. In connection with plaintiff's negligence claim based on the improper burial of Florence Geller, the Court first considered and dismissed two arguments raised by defendant in support of its motion for summary judgment. One of the arguments proffered by defendant was that plaintiff could not assert a right to sepulcher claim because she was not the decedent's next of kin. *See Bernstein*, 2012 WL 3887228, at *8. In rejecting this argument, the Court noted that recovery under this type of action is generally limited to either the decedent's next of kin or close relatives. *Id.* (citing *Johnson v. State*, 37 N.Y.2d 378, 382, 372 N.Y.S. 2d 638, 334 N.E. 2d 590 (1975); *Melfi v. Mount Sinai Hosp.*, 64 A.D.3d 26, 31, 877 N.Y.S.2d 300 (1st Dep't 2009)). The Court, however, also noted that "New York courts have also made clear that such claims may not be made piecemeal by each family member who may be entitled to

4

recovery under the right to sepulcher. Instead, individual family members must join together in a single action." *Id.* (citing *Brown v. Broome County*, 8 N.Y.2d 330, 333, 207 N.Y.S.2d 657, 170 N.E.2d 666 (1960); *Wainwright v. New York City Health & Hosps. Corp.*, 61 A.D.3d 852, 853, 877 N.Y.S.2d 201 (2d Dep't 2009)). Because the record indicated that Florence Geller had two living adult sons, neither of whom were named plaintiffs, the court denied plaintiff's motion for summary judgment "without prejudice to renew upon a showing that all necessary parties to this action, to the extent they exist, have been joined herein." *Id.* at *8-9. It is clear, therefore, that no determination was made as to whether defendant violated plaintiff's right to sepulcher; rather plaintiff's motion was denied on a threshold issue, namely that it did not appear that all necessary parties have been joined in this action.

However, upon further review of the September 2012 Order, the applicable case law, and the various papers submitted in connection with the cross-motions for summary and motion for reconsideration, it is apparent that the parties and the Court improperly equated a negligence cause of action with a common law right of sepulcher cause of action. While the New York state case law is less than clear, the following excerpt from the New York Pattern Jury Instructions explains the distinction between the two types of claims:

> The following claims, which are designed to compensate an individual for emotional injuries and mental anguish caused by the conduct of a defendant relating to the individual's relative, are cognizable: (1) a claim premised on a defendant's mishandling of the corpse of a relative of plaintiff; (2) a claim premised on a defendant's conveyance of misinformation regarding the death of a relative of plaintiff; and (3) the common law cause of action of interference with the right of sepulcher, i.e. the right of a decedent's next of kin to immediate possession of decedent's body for preservation and burial. The first and second claims are based on negligence . . . . The third claim does not appear to sound in negligence, since . . . next of kin

>  generally have a right to "immediate" possession of all of the decedent's remains, without regard to the reasonableness of defendant's actions. Thus, interference with the right of sepulcher . . . is an independent, common law cause of action.

N.Y. Pattern Jury Instr.–Civil 3:6.1 (3d ed. 2012). Those cases addressing the common law right of sepulcher has limited recovery to the next of kin. *See, e.g.*, *Mack v. Brown*, 82 A.D.3d 133, 137, 919 N.Y.S.2d 166 (2d Dep't 2011); *Shipley v. City New York*, 80 A.D.3d 171, 177, 908 N.Y.S.2d 425 (2d Dep't 2010); *Melfi*, 64 A.D.3d at 304; *Estate of LaMore v. Sumner*, 46 A.D.3d 1262, 1264, 848 N.Y.S.2d 754 (3d Dep't 2007); *see also* N.Y. Pattern Jury Instr.–Civil 3:6.1 (3d ed. 2012) ("There is no case law specifically addressing whether a cause of action for interference with the right of sepulcher extends to anyone other than the decedent's next of kin. However, the cause of action appears to be limited to the next of kin . . . .") Because Florence Geller's children are undisputedly her next of kin, the plaintiff does not have standing to bring a right of sepulcher cause of action.

It is noteworthy, however, that plaintiff pled a negligence claim premised on the fact that defendant negligently buried Florence Geller, not that the defendant interfered with her right of sepulcher.[3] Although it is true that "[i]n the absence of contemporaneous or consequential physical injury, courts have been reluctant to permit recovery for negligently caused psychological trauma, with ensuing emotional harm alone," a recognized exception "permits recovery for emotional harm to a *close relative* resulting from negligent mishandling of a corpse." *Johnson*, 37 N.Y.2d at 382 (emphasis added). While it is not entirely clear why the

---

[3] And, as mentioned in the September 2012 Order, this duty is separate and apart from the defendant's contractual duty not to place a body in plaintiff's gravesite without the consent of the owner or other authorized individuals. *See Bernstein*, 2012 WL 3887228, at *7.

6

New York Court of Appeals allowed close relatives to bring a negligence-based cause of action involving the mishandling of a corpse when compared to the right of sepulcher (which is limited to next of kin), the exception noted in *Johnson* remains good law.

Notwithstanding the above, even with negligence-based claims, "[r]elatives of a deceased person may not maintain separate actions against those whom they allege mishandled their relative's body." *Wainwright*, 61 A.D.3d at 853. In support of her motion for reconsideration, Bernstein claims that because Florence Geller was buried on August 30, 2009, any negligence-based action that Florence Geller's sons could have brought must have been filed no later than August 30, 2012. This contention lacks merit. Although Bernstein is correct that the applicable statute of limitations in a negligence action is three years, *see* N.Y. CPLR § 214(4), she incorrectly asserts that August 30, 2009 was the accrual date for a negligence claim against defendant for the improper burial of Florence Geller's remains. Because this claim solely involves an emotional injury, the accrual of the claim "does not accrue with the negligent act but at the time a plaintiff is *actually* injured by the negligent act." *Melfi*, 64 A.D.3d at 309. In this case, it is undisputed that while Florence was buried on August 30, 2009, Bernstein and Florence Geller's sons did not realize that she was placed in the wrong grave until the unveiling which occurred a year later. (*see* Pl.'s 56.1 Stmt. ¶ 5; Bernstein Dep. at 24-28.) Therefore, and contrary to the plaintiff's assertion, the claim against defendant did not accrue until approximately August 30, 2010 and, therefore, any negligence claim that can be brought by Florence Geller's sons would still be timely.

## *CONCLUSION*

For the reasons set forth above, plaintiff's motion for reconsideration is denied. However, the Court clarifies that plaintiff's remaining cause of action is one grounded in negligence. As set forth in the September 2012 Order, Bernstein maintains the right to renew her motion for summary judgment upon a proper showing that all necessary parties have been joined and that she is entitled to summary judgment on her negligence claim. In the interim, the action is respectfully referred to Magistrate Judge Wall for all remaining pretrial supervision and to hold a settlement conference.

**SO ORDERED.**

Dated: Central Islip, New York
      April 30, 2013

/s/
Denis R. Hurley
Unites States District Judge